**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| GAIL A. KORBE, | : | Bankruptcy No. <u>07-22856-JAD</u> |
| | : | |
| Debtor. | : | Chapter 13 |
| | : | Adversary No. <u>07-2291-JAD</u> |
| GAIL A. KORBE, | : | |
| Plaintiff, | : | |
| v. | : | Document Nos. <u>17</u> and <u>20</u> |
| DEPARTMENT OF HOUSING and URBAN DEVELOPMENT, | : | |
| Defendant. | : | |

**Appearances**:

Catherine T. Martin, Esq. for the Debtor, Gail A. Korbe
Megan E. Farrell, Esq. For the Defendant, the U.S. Dept. Of Housing and Urban Development

**MEMORANDUM OPINION**

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. The matter before this Court are competing Motions for Summary Judgment filed by both the Plaintiff and the Defendant with respect to the Plaintiff's complaint seeking to avoid or

"strip off" the Defendant's lien pursuant to 11 U.S.C. §§ 506(a)[1] and (d).[2] This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A),(K) and (O).

## I.

The facts of this case are generally not in dispute. This case was commenced by Debtor, Gail A. Korbe ("Debtor" or "Ms. Korbe"), filing a voluntary petition under Chapter 13 of the United States Bankruptcy Code on May 4, 2007. (Dkt. #19; Joint Statement of Material Facts Not In Dispute (the "Joint Statement") at ¶ 3).

At the time of the commencement of this bankruptcy case, and through the date of this Memorandum Opinion, the Debtor was the owner of a residence located at 127 Dawes Street, Pittsburgh, PA 15210. (Joint Statement at ¶ 1). As of the commencement of the bankruptcy case, the Debtor's residence was subject to three mortgages consisting of: a first mortgage in favor of Washington Mutual in the amount of $51,880.24, a second mortgage in favor of Beneficial in the amount of $7,485.11, and a third mortgage in favor of the defendant herein- the

---

[1] Section 506(a) of the Bankruptcy Code provides that an

> allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a)(1).

[2] Section 506(d) of the Bankruptcy Code states that to "the extent that a lien secures a claim against the debtor that is not al allowed secured claim, such lien is void . . ." 11 U.S.C.§ 506(d).

U.S. Department of Housing and Urban Development ("HUD")- in the amount of $3,007.12. (Id. at ¶¶ 4, 5 and 6).

The Debtor's residence has a value of $46,000. (Id. at ¶ 2).[3] As a result, at Adversary No. 07-2252-JAD, Washington Mutual's secured claim was stipulated to be no more than $46,000 and at Adversary No. 07-2284-JAD the lien of Beneficial was "stripped-off" thus rendering Beneficial to be a wholly unsecured creditor.

### III.

Given the fact that there is no equity in the Debtor's residence above and beyond the first mortgage of Washington Mutual, the Debtor commenced this adversary proceeding seeking the entry of an order pursuant to 11 U.S.C. §§ 506(a)(1) and (d) stripping off the lien of HUD. The government opposes the relief sought by the Debtor, and questions whether this government creditor's lien may be stripped away. This Court concludes that HUD's lien may be stripped away under the facts and circumstances of this case.

No doubt exists that Section 506 of the Bankruptcy Code supports the

---

[3] This valuation is derived form the Debtor's appraisal dated May 21, 2007. The date of the appraisal is two weeks subsequent to the petition date and is of even date with the Debtor's first proposed Chapter 13 Plan (and the plan was confirmed on an interim basis on July 13, 2007). HUD has not offered an appraised value of the subject property, and instead implies that the value of the property is greater than $46,000 because "valuation" is to be determined on a date when the HUD mortgage is due (i.e., in the year 2017). See HUD's *Reply Brief in Support of Defendant's Motion for Summary Judgment* (Dkt. #23) at n. 1. Regardless of the date of valuation, HUD has produced no evidence in this case suggesting that the valuation of the Dawes Street property is greater than $46,000 at any period of time. Thus, the only figure in the record is the $46,000 valuation provided by the Debtor. In any event, the timing of the valuation used in this case is consistent with the timing of valuations utilized in other Section 506 cases. See In re McCarron, 242 B.R. 479, 482 (Bankr. W.D. Mo. 2000)(using the date the petition was filed); see also In re Crain, 243 B.R. 75, 81-84 (Bankr. C.D. Ca. 1999)(noting that the date of confirmation of Chapter 13 plan has been utilized by some courts).

determination that HUD is an unsecured claimant and that its lien should be stripped away as a matter of bankruptcy law.

Section 506(a) of the Bankruptcy Code unequivocally provides that an allowed claim is a secured claim only "to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a)(1). Given that there is no equity in the subject property above and beyond the mortgage interest of Washington Mutual, the value of HUD's interest in the Dawes Street property is valued at zero. As such, HUD's claim is an unsecured claim at best. Because HUD's claim is an unsecured claim, its lien position is stripped away as being void pursuant to 11 U.S.C. § 506(d).

The remaining question is whether there are any unique facts of this case which would save HUD from having the Court both void HUD's lien and declare HUD's claim as being unsecured? HUD appears to argue that its lien position is anti-modifiable.

The Court is mindful that this case is a Chapter 13 case, and the anti-modification provisions of 11 U.S.C. § 1322(b)(2) have been applied in situations where the mortgagee is undersecured. *See* Nobelman v. American Savings Bank, 508 U.S. 324 (1993). The facts of this case, however, are that HUD's claim is wholly unsecured and the Third Circuit has held that the anti-modification provisions of 11 U.S.C. § 1322(b)(2) are not applicable in this instance. In re McDonald, 205 F.3d 606 (3d Cir. 2000)(holding that Nobleman does not apply when there is no equity whatsoever in the debtor's property to support the

subordinate creditor's lien).

HUD further argues in its briefs that the Court has some discretion as to whether HUD's lien position can be stripped away, and suggests that the equities of the case dictate that HUD retain its lien position. The Court disagrees.

As an initial matter, the Court notes that nothing in Section 506 of the Bankruptcy Code authorizes the Court to ignore a debtor's valid lien stripping action in the name of equity. Indeed, equity follows the law and our United States Supreme Court has reminded us that the bankruptcy courts' equitable powers are to be exercised within the confines of the Bankruptcy Code.[4] *See* Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988); *see also* 11 U.S.C. § 105(a)(statutory provision allowing the bankruptcy courts to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code). The Third Circuit Court of Appeals has also echoed this admonition. *See* In re Combustion Engineering, Inc., 391 F.3d 190, 236 (3d Cir. 2004)("The general grant of equitable power contained in § 105(a) cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the

---

[4] The Court does recognize that Section 1322 of the Bankruptcy Code sets forth the contents of a Chapter 13 plan in bankruptcy. *See* 11 U.S.C. § 1322. Section 1322(a) mandates what a debtor is required to include in a Chapter 13 plan and Section 1322(b) contains permissive provisions of a Chapter 13 plan. *Compare* 11 U.S.C. § 1322(a) with 11 U.S.C. § 1322(b). Pursuant to these provisions of Chapter 13, no debtor is required to strip off a lien. Rather this remedy is permissive and Section 1322 recognizes this fact. *See* 11 U.S.C. § 1322(b)(2). HUD suggests that the permissive language found in 11 U.S.C. § 1322(b) accords bankruptcy courts with the discretion to ignore a debtor's lien strip off request. What HUD conveniently ignores is that the statutory predicate of the Debtor's relief in the instant adversary proceeding is 11 U.S.C. § 506 and not 11 U.S.C. § 1322(b). Thus, HUD's reliance upon Section 1322(b) is misplaced. In addition, HUD ignores the fact that only a debtor may propose a Chapter 13 plan. If HUD's argument were to be accepted, then HUD would in essence be given *de facto* standing to write the Debtor's plan. This result is not what Chapter 13 of the Bankruptcy Code contemplates.

parameters of the Code itself.").

Even if the Court has the equitable power that HUD contends, this Court is reluctant to exercise it in this case. Some of the Court's reasons are outlined below.

HUD's claim against the Debtor arises out of the partial claim program sponsored by HUD and the Federal Housing Administration. *See* 12 U.S.C. § 1715u(b). Prior to the Debtor's bankruptcy filing, the Debtor fell into arrears with its first mortgagee (i.e., Washington Mutual) and HUD cured the arrearage in exchange for a subordinate lien against the subject premises.[5] HUD suggests that the equities of the case should save it from the lien stripping mandated by operation 11 U.S.C. §§ 506(a) and (d). Among the reasons cited by HUD is the fact that HUD's loan is non-recourse and, as a result, it loses the ability to get paid in full if lien stripping is allowed.

The Court is sympathetic to HUD's position, and recognizes the value of the partial claim program. However, HUD has not directed the Court to any statutory text supporting the notion that its claim is purely non-recourse. Rather, the implementing statute of the partial claim program provides that "payment under such program to the mortgagee shall be made in the sole discretion of the

---

[5] HUD has not asserted in these proceedings that these cure payments by HUD give rise to a claim based on subrogation. The record also reflects that HUD was granted its own note and mortgage, which in any event suggests that HUD has no claim of subrogation and instead holds its own direct and independent claim against the Debtor. *See e.g.*, In re Pearce, 236 B.R. 261, 266 (Bankr. S.D. Ill. 1999)(creditor not entitled to subrogation when the creditor advances funds to the debtor to pay an existing debt and takes a new mortgage). The Court therefore need not address the issues relating to the modification of subrogation claims in bankruptcy and whether HUD would be bound by the Debtor's settlement with Washington Mutual at Adversary Proceeding No. 07-2252-JAD.

Secretary and on terms and conditions acceptable to the Secretary . . ." *See* 12 U.S.C. § 1715u(b). Nothing contained in this statute precludes the Secretary from requiring partial payment claims of HUD under the statute to be recourse. As such, it appears that the decision to have partial claim mortgages be non-recourse lies with the discretion of the regulatory agency. One factor that the agency can consider in this regard is the likelihood that the lien at issue would be stripped off in bankruptcy. Thus, it appears that the loss or waiver of a recourse claim by HUD is largely its own doing.

Moreover, the fact that HUD's claim is *in rem* in nature actually favors the application of 11 U.S.C. § 506 because this statute ensures that claimants who have a cognizable lien against valuable assets actually receive the benefit of the value of their collateral and no more. Section 506 of the Bankruptcy Code is not intended to be a sword used by wholly unsecured creditors to block Chapter 13 relief to the honest, but unfortunate, debtor.

The Court also has reviewed the Partial Claim Promissory Note (the "Note") dated December 1, 2000 that is attached to the *Declaration of the United States' Agency Department of Housing and Urban Development* at Exhibit 3.[6] The Note appears to be recourse in nature in that it *does not* provide that payment is to be made solely to HUD out of proceeds of collateral if the borrower defaults. The Note even provides that "each person is fully and personally obligated to keep all

---

[6] The Declaration is attached at Exhibit "A" to the *Defendant's Brief In Support of Its Motion for Summary Judgment*. *See* Dkt. #21.

promises made in this Note" and that the "Lender may enforce its rights under this Note against each person individually or against all signatories together." *See* Note at § 6. Thus, contrary to the pleadings filed by HUD, it appears that HUD in-fact may have a general unsecured claim against the estate as a result of these proceedings.[7] HUD nonetheless acknowledges that it never filed a proof of claim in this case.

Finally, like all creditors, government creditors wish to get paid in bankruptcy cases and some provisions of the Bankruptcy Code even elevate the claims of some governmental entities over the claims of other creditors. *See e.g.*, 11 U.S.C. § 507(a)(8)(priority treatment of certain tax obligations); and 11 U.S.C. § 523(a)(1)(rendering certain tax claims non-dischargeable). These provisions of the Bankruptcy Code indicate that Congress knows when to provide government creditors with increased protection and Congress knows when to not do so.

This Court will not undo the statutory scheme set forth in the Bankruptcy Code. Artuz v. Bennett, 531 U.S. 4, 10 (2000)("Whatever merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them."); Harris v. Garner, 216 F.3d 970, 976 (11th Cir. 2000)(en banc)("We will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language,

---

[7] Recognizing this flaw in its argument, HUD has filed a *Supplemental Declaration of the United States' Agency Department of Housing and Urban Development* (the "Supplemental Declaration"). *See* Dkt. #23, *Exhibit to Reply Brief*. In this declaration, HUD switches its position and acknowledges its claim is recourse against the Debtor (but rarely ever enforced). *See* Supplemental Declaration at ¶¶ 4 and 5. HUD also agrees that the Debtor's personal liability is dischargeable in bankruptcy. Id.

not rewrite it."). As a result, the Court will afford HUD the same treatment afforded to other creditors similarly situated under 11 U.S.C. § 506. That is, HUD is not immune from the lien stripping provisions of 11 U.S.C. § 506(a) and (d). *Cf.*, Johnson v. The Internal Revenue Service et al., __ B.R. __, Adv. No. 07-2077, 2008 WL 1743950 (Bankr. W.D. Pa., April 16, 2008) (holding that the liens of the IRS and Pennsylvania Department of Labor and Industry may be stripped away pursuant to 11 U.S.C. §§ 506(a) and (d) in a reorganization under Chapter 11).

*[Remainder of Page Intentionally Left Blank]*

## IV.

A motion for summary judgment shall be granted if the court determines that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *see also* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The material facts of this case are not in dispute and reflect that any claims asserted by HUD in these proceedings are fully unsecured. As a result, the subordinate lien interest asserted by HUD against the Debtor's premises is void by operation of 11 U.S.C. §§ 506(a) and (d). Summary judgment therefore will be entered by the Court in favor of the Debtor and against HUD. A separate Order will be issued.


Dated: April 22, 2008                    /s/ Jeffery A. Deller
                                         **JEFFERY A. DELLER**
                                         U.S. Bankruptcy Judge


cc:   Catherine T. Martin, Esq., Counsel to the Debtor Gail A. Korbe
      Megan E. Farrell, Esq. For the Defendant, the U.S. Dept. Of Housing and Urban Development
      Ronda J. Winnecour, Esquire, Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| GAIL A. KORBE, | : | Bankruptcy No. <u>07-22856-JAD</u> |
| Debtor. | : | Chapter 13 |
| | : | Adversary No. <u>07-2291-JAD</u> |
| GAIL A. KORBE, | : | |
| Plaintiff, | : | |
| v. | : | Document Nos. <u>17</u> and <u>20</u> |
| DEPARTMENT OF HOUSING and URBAN DEVELOPMENT, | : | |
| Defendant. | : | |

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF GAIL A. KORBE AND AGAINST DEFENDANT DEPARTMENT OF HOUSING and URBAN DEVELOPMENT

AND NOW, this **22ND** day of April, 2008, **IT IS HEREBY ORDERED**, **ADJUDGED AND DECREED THAT** for the reasons set forth more fully in the Memorandum Opinion issued contemporaneously with this Order:

1. The Motion for Summary Judgment filed by the Debtor is **GRANTED** and the Motion for Summary Judgment filed by the Defendant U.S. Department of Housing and Urban Development ("HUD") is **DENIED**.

2. The interest of HUD in the Plaintiff/Debtor's real estate located at 127 Dawes Street, Pittsburgh, PA 15210 is valued at zero ($0.00).

3. Pursuant to 11 U.S.C. § 506(a), HUD's claim is declared to be a

00002069.WPD

   wholly unsecured claim.

4. Pursuant to 11 U.S.C. § 506(d), the putative lien of HUD against the Debtor's residence located at 127 Dawes Street, Pittsburgh, PA 15210 is declared **VOID**.


|  |  |
|---|---|
| April 22nd, 2008 |  /s/ Jeffery A. Deller<br>**JEFFERY A. DELLER**<br>U.S. Bankruptcy Judge |

cc: Catherine T. Martin, Esq., Counsel to the Debtor Gail A. Korbe
  Megan E. Farrell, Esq. For the Defendant, the U.S. Dept. Of Housing and Urban Development
  Ronda J. Winnecour, Esquire, Chapter 13 Trustee